# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SAMANTA, #R-56741, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>S.A. GODINEZ, RICHARD YOUNG, )<br>and ILLINOIS ATTORNEY )<br>GENERAL, )<br>)<br>    Respondents. | CIVIL NO. 11-cv-864-DRH |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in Western Illinois Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Petitioner is serving a twenty-five year sentence imposed by the Circuit Court of Cook County, Illinois, following a jury trial (Doc. 1, p. 2).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts

provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

According to the instant habeas petition, petitioner was convicted on August 7, 2006, of first degree murder. He appealed, raising arguments that the trial court failed to suppress evidence, quash his arrest, or adequately instruct the jury (amongst other claims). On November 29, 2007, his conviction was affirmed on direct appeal (Doc. 1-1, pp. 1-17), and his petition for rehearing in the Illinois Appellate Court, First District, was denied on January 15, 2008 (Doc. 1-1, p. 18). Petitioner sought leave to appeal from the Illinois Supreme Court, which was denied on May 29, 2008 (Doc. 1-1, p. 19). He did not seek further review from the United States Supreme Court.

He then filed a petition for post-conviction relief on November 21, 2008, raising the same five issues as his direct appeal. The trial court's denial of that petition was affirmed by the Illinois Appellate Court on September 30, 2010 (Doc. 1-1, pp. 31-38), and his petition for rehearing in the Illinois Appellate Court, First District, was denied on October 26, 2010 (Doc. 1, p. 15). Again, petitioner sought leave to appeal from the Illinois Supreme Court, which was denied on January 26, 2011 (Doc. 1, p. 15).

Petitioner timely filed[1] the instant action on September 23, 2011, raising four

---

[1] At first glance, it may seem as though the one-year limitations period for filing a § 2254 petition had run in this case. *See* 28 U.S.C. § 2244(d)(1). However, although Petitioner did not seek further review after the May 29, 2008, denial of leave to appeal by the Illinois Supreme

grounds for relief: (1) his conviction was unconstitutional because he was arrested without warrant, consent or exigency; (2) the warrant allowing an overhear (transcript used at trial) was issued without probable cause; (3) disclosure of petitioner's statement during trial violated discovery rules and due process; and (4) trial counsel was ineffective for failing to suppress petitioner's statement or call certain witnesses. As to petitioner's third claim, he asserts that the prosecuting attorneys, by introducing petitioner's statements at trial without first notifying defense counsel, violated his due process rights, citing *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner has addressed each of these four claims previously in his post-conviction and direct appeals, and thus, has properly exhausted his state court remedies.

Before further proceedings are ordered, a few words about the named respondents are necessary. Petitioner names as a respondent not only the warden of his prison, Richard Young, but also the Attorney General of Illinois. This practice is quite common among *pro se* litigants in this District, but the only proper respondent in a collateral attack is his custodian. As stated clearly by the Seventh Circuit,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

---

Court, under *Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002), his judgment of conviction did not become final until the expiration of the 90 day window to petition the Supreme Court for certiorari. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, Petitioner filed the instant petition at least one month before the applicable statute of limitations had run.

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added). *See also Cruz v. Warden of Dwight Corr. Ctr.,* 907 F.2d 665, 665 n.1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing § 2254 Cases in the United States District Courts. Because Petitioner is currently incarcerated due to the conviction he challenges, the only proper respondent is Warden Young. The Illinois Attorney General is **DISMISSED** as a party and should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b). Likewise, as S.A. Godinez is the current Director of the Illinois Department of Corrections and not petitioner's custodian, Director Godinez is **DISMISSED** as a party in this case.

**IT IS HEREBY ORDERED** that Respondent **YOUNG** shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of

this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: July 24, 2012**

David R. Herndon
2012.07.24
05:52:30 -05'00'

**Chief Judge
United States District Court**